893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy McGHEE, Plaintiff-Appellant,
v.
Stephen NORRIS, et al., Defendants-Appellees
 No. 89-5610.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Billy McGhee, a state prisoner proceeding pro se, appeals the district court's grant of summary judgment to the defendants in his action for deprivation of due process under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McGhee is interned at the Tennessee State Penitentiary in Nashville, Tennessee, and his action stems from a disciplinary proceeding against him in the penitentiary. McGhee claims that the defendants failed to accord him adequate process at his disciplinary hearing. McGhee also claims that the defendants violated his due process rights by charging him with sexual malpractice, which is not a defined offense under the Tennessee Department of Corrections Policy.
 
 
 3
 The district court properly granted summary judgment in favor of the defendants because McGhee received adequate due process at his hearing. The Supreme Court determined what process is due to a prisoner who faces disciplinary charges in Wolff v. McDonnell, 418 U.S. 539 (1974). Under Wolff, penitentiary officials must: (1) give the prisoner written notice of the charges against him; (2) allow the prisoner 24 hours to prepare a defense; (3) allow the prisoner to present documentary evidence and to call witnesses; and (4) after a decision, provide the prisoner with a written statement by the fact-finders as to the evidence relied upon and the reasons for the decision. Id.
 
 
 4
 The requirements of Wolff were met in this case. McGhee does not contend that he did not receive adequate time to prepare his defense, and the hearing summary gave McGhee an adequate statement of the reasons and evidence supporting the decision. McGhee also was allowed to present evidence in his favor. Indeed, two live witnesses testified for McGhee at the hearing.
 
 
 5
 Finally, McGhee also received adequate notice of the charge pending against him. Tennessee Department of Corrections policy # 502.05 defines the disciplinary offenses for Tennessee state prisons. Although Tennessee Department of Corrections policy does not explicitly proscribe sexual malpractice, it has an "other" category for offenses not specifically described. McGhee received a disciplinary report before his hearing that gave him notice of the charges he faced so that he could prepare to defend against those charges.
 
 
 6
 For the above-stated reasons, the judgment of the district court is affirmed.